The People of the State of Illinois ex rel. John J. Whalen, Appellant, v. Thomas Sheehan and Catherine Sheehan, Appellees.

Gen. No. 40,420.

Opinion filed April 26, 1939. Rehearing denied May 8, 1939.

MARTIN PIEPENBURG and GILBERT T. GRAHAM, both of Chicago, for appellant.

No appearance for appellees.

MR. JUSTICE HEBEL delivered the opinion of the court.

This cause is in this court upon an appeal by the petitioner from an order that was modified by the court upon petitioner's motion, by vacating the portion thereof which provides that from 11 a. m. to 3 p. m. each Sunday the maternal grandparents, who are the defendants in said cause, shall have the right to the custody of the child for visitation purposes. This modification order was entered on June 13, 1938, more than 30 days after the entry of the order, upon the verified petition of John J. Whalen, the father of the child, John Whalen, Jr., who was 2½ years of age at the time of the proceeding. The mother of this child died on January 25, 1938, and at the request of the defendants, the maternal grandparents of the child, the petitioner permitted the child on February 1, 1938, to remain with them upon their promise to return the child upon request of the petitioner, which was made on February 4, that year. On that day they refused to

return the child to the father, and on February 10, he filed a petition for a writ of habeas corpus.

Upon consideration of the facts the court entered an order in part that the father be and is hereby given care and custody of the child, and that the defendants Thomas Sheehan and Catherine Sheehan deliver up this child to the petitioner, the father.

The theory upon which this appeal is taken by the petitioner is that the trial court had no jurisdiction to modify the order after the expiration of more than 30 days from the date of its entry, and the petitioner questions the right of the court to enter such order. The question of jurisdiction of the court to enter such order allowing the maternal grandparents to visit and have custody of the child for the period fixed by the order has been passed upon by courts of appeal wherein it has been held that immediate members of the family of a deceased mother may be entitled to the custody of the child under proper circumstances. This rule was followed in *McKercher v. Green,* 13 Colo. App. 270, 58 Pac. 406; *Manning v. Crawford,* 8 Ga. App. 835, 70 S. E. 959; *Crawford v. Manning,* 12 Ga. App. 54, 76 S. E. 771. While this question has not been passed upon by the court of this State, still it seems to be the rule applicable to the instant case that the court may permit the maternal grandparents of the child the right to visit and have custody of the child for the period fixed in the order. The authorities seem to indicate that if the court gives possession of the child to the maternal grandparents for reasons which would justify this order, the court could in the same order direct that the father be permitted to see the child on the occasions fixed by the order. So, if the court had jurisdiction to pass upon the order as originally entered, the petitioner in this case induced the court to enter this erroneous order, of which he cannot

complain, and being an erroneous order, the decree is reversed with directions to the court to strike from the order the modification thereof entered on June 13, 1938.

*Order reversed and remanded with directions.*

DENIS E. SULLIVAN, P. J., concurs, and BURKE, J., takes no part.